## Case No. 10,409.

### The OCEAN QUEEN.[1]

District Court, S. D. New York.  Nov. 8, 1866.[2]

COLLISION—MEASURE OF DAMAGES—CARGO—VALUE AT PORTS OF SHIPMENT AND DESTINATION.

[In case of a collision, the damages should not be computed by valuing the cargo as at the port of destination, but the value at the port of shipment should be taken, with the expense of navigation until the time of the collision and the expense of landing the cargo. On this amount interest should be allowed from the time of the collision. Smith v. Condry, 1 How. (42 U. S.) 28, followed.]

[Cited in The Mary J. Vaughan, Case No. 9,217; The Aleppo, Id. 158.]

[This was a libel in rem by Seth Adams, Jr., against the steamer Ocean Queen, Cornelius Vanderbilt, claimant, for damages suffered by the schooner John L. Darling in a collision. A decree was entered for libelant, and a reference ordered. Case No. 10,408a. Heard on exceptions to the master's report.]

Mr. Choate, for libelant.
Mr. Rapallo, for respondent.

SHIPMAN, District Judge. This is a suit for collision. Upon full hearing, a decree was entered for the libelant, with an order of reference to compute the damages. The commissioner has made his report to this court, to which the claimant excepts, principally on the ground that the commissioner, in assessing the damages to the cargo, took the price it would have brought at the port of destination, instead of the price paid at the port of shipment. I think the exception to this point is well taken. It is open to the objections taken by Mr. Justice Story in the case of The Lively [Case No. 8,403]. Though that was not a case of damage by collision, it was a case of damage by another kind of tort. His remarks are therefore apt and to the point. To estimate the damages by what the cargo would have sold for if it had reached the port of destination partakes in some measure of conjecture, and assumes that for certain which is after all contingent. The schooner in this case might never have

---

1 [Not previously reported.]
2 [Affirmed in Case No. 10,410.]

reached her port of destination, even if she had not collided with the Ocean Queen. She was exposed to all the ordinary perils of navigation, collision, fire, and the numberless dangers which attend vessels on the sea. I understand the correct rule to be laid down by the supreme court of the United States in Smith v. Condry, 1 How. [42 U. S.] 28. 3'. which is the value of the goods at the port of shipment. To this should be added the expense of navigating the vessel to the place where the collision occurred, including also the landing of the cargo on board. On this amount the libelant is entitled to 6 per cent. from the time of collision.

Let the report be referred back to the commissioner to be corrected in the particulars named, in conformity with this opinion.

[NOTE. On appeal to the circuit court, the decree of the district court was affirmed. Case No. 10,410. Subsequently claimant applied in the circuit court for an order that a commission issue to examine certain witnesses, depositions to be used on appeal. The motion was denied. Case No. 10,411.]